Filed 3/23/21  P. v. Holland CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075118 |
| v. | (Super.Ct.No. INF1100662) |
| THADIUS JAVON HOLLAND, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In 2011, defendant and appellant Thadius Javon Holland pleaded guilty to two counts of murder, one count of attempted murder, and a firearm enhancement.  In 2019,

he sought resentencing pursuant to Penal Code section 1170.95 (section 1170.95), a statute recently enacted by Senate Bill No. 1437 (Senate Bill 1437). The trial court denied Holland's petition, finding that the record of conviction established he was not entitled to relief. We affirm.

Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Section 1170.95 "provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Larios* (2019) 42 Cal.App.5th 956, 964.)

The trial court is not limited to the allegations of the petition when determining whether the petitioner has stated a prima facie claim for relief under section 1170.95. Rather, the trial court can consider the defendant's record of conviction and the court's own file in determining eligibility. (*People v. Law* (2020) 48 Cal.App.5th 811, 820-821, review granted July 8, 2020, S262490; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1138, review granted March 18, 2010, S260598.)

Holland's record of conviction demonstrates that he admitted to being the actual killer as part of his guilty plea. The reporter's transcript of his change of plea hearing

2

includes his admission that he personally fired a gun at a rival gang member, causing a car crash that killed the intended victim's mother and her friend.[1] As a matter of law, therefore, he is not entitled to relief under Senate Bill 1437, and his section 1170.95 petition was properly denied.

Holland's arguments on appeal rest on the circumstance that the reporter's transcript of the change of plea hearing was not, at the time he submitted his opening brief, a part of the appellate record. The relevant aspect of Holland's record of conviction, however, was undisputed. The prosecutor represented to the trial court that he had obtained the transcript of Holland's change of plea hearing, and that it "shows he's the actual killer." The prosecution had shared the transcript with the defense, and defense counsel conceded that the prosecutor's characterization of the factual basis of Holland's plea was correct.[2] Holland has proposed no reason why the trial court was not

---

[1] Holland admitted as part of the factual basis of his plea that he had been driving down a street when he saw the rival gang member driving in the opposite lane of traffic. Holland "saw an opportunity and willfully fired [his] gun with premeditation and deliberation, attempting to kill" the rival gang member. The rival gang member, "in an effort to avoid being shot, took evasive maneuvers and lost control of his vehicle, which led to him crashing, killing his mother . . . and her friend . . . who were passengers in his vehicle and not gang members . . . ."

[2] The following is the discussion of the issue between the parties and the court:
"[Prosecutor]: I have a copy of the actual plea transcript that I have shared with the defense that shows he's the actual killer.
"[Defense counsel]: Defense objects for the record.
"The Court: Do you take issue with the prosecutor's characterization of the plea transcript?
"[Defense Counsel]: No, your Honor."

3

entitled to rely on the agreement of the parties regarding the contents of the record of conviction.

Moreover, the transcript of the change of plea hearing has since been added to our record. Our review of the transcript confirms the parties' characterization of it to the trial court. If the trial court erred by relying on the parties' agreement regarding the substance of Holland's admissions, or by failing to require the prosecution to include the transcript of the plea hearing in the trial court record, the error was harmless under any standard for determining prejudice.

## DISPOSITION

We affirm the order denying Holland's section 1170.95 petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.